**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00294-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Kenneth K. Losch, | |
| Defendant. | |

Pending before the Court is a Discovery Motion filed by Defendant Kenneth K. Losch, wherein Defendant makes requests for 27 categories of discovery. (Doc. 59.) The Court only addresses the categories of discovery that are presently in dispute and refers to each discovery request by the number assigned in Defendant's Discovery Motion.

**1. Defendant's Statements.**

In his Discovery Motion (Doc. 59, at 2), Defendant moves for production of various written and recorded statements made by him, which the Court previously ordered the Government to disclose by July 1, 2019 (Doc. 37.) Defendant also requests "notice of any statements by him which the Government intends to offer at trial…" (Doc. 59, at 2.) The Government responds (Doc. 70, at 4) that it has disclosed the undercover recordings of Defendant, and that it has no other Rule 16 material in its possession to produce.

Federal Rule of Criminal Procedure 12(b)(4)(B) permits the defendant to request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that

the defendant may be entitled to discover under Rule 16. Fed. R. Crim. P. 12(b)(4)(B). *See also* LRCrim 16.1(a) (requiring notice of statements of the Defendant which the Government intends to use during the course of trial). Defendant's request for the Government to provide notice of any statements by him that the Government seeks to use is **granted**. If the Government seeks use at trial any of Defendant's statements that are discoverable pursuant to Rule 16, the Government shall identify the statements and provide notice to Defendant of its intent to use them by **January 20, 2020.** If Defendant has any objections to the admissibility of such statements, Defendant shall file a motion setting forth his objections, consistent with the deadline for filing pretrial substantive motions. *See* (Doc. 37); LRCrim 16.1(b).

### 2. *Brady* Material

Defendant makes a general request (Doc. 59, at 2) for disclosure of all evidence favorable to Defendant on the issue of guilt, including all impeachment and exculpatory evidence, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant also makes specific requests for two categories of evidence under *Brady*: 1) all information related to Special Agent William Lace's counterintelligence briefing at AGI on August 20, 2013, including a notebook that might contain Special Agent Lace's notes of the tour (Doc. 59, at 3); and 2) all documents, statements, reports, and tangible evidence regarding C.H.'s[1] communication with the United States Attorney's Office regarding the legitimacy of AGI (Doc. 59, at 3). Only the first category is in dispute.[2]

In response to Defendant's request (Doc. 59, at 3) for "[a]ll documents, statements, reports, and tangible evidence regarding FBI Special Agent William Lace's August 20, 2013 counterintelligence briefing provided to AGI," the Government states that it has

---

[1] Defendant states that C.H. was the Distribution Manager for Arizona Blue Sky Technologies, LLC, a company alleged to have invested $1,245,000 in AGI. (Doc. 59, at 3, n.3.)

[2] The Government indicates that it has disclosed text messages and emails between C.H. and FBI Agent Hebert; and the Government maintains that it has no record of C.H. communicating directly with the United States Attorney's Office. (Doc. 70, at 5.) Defendant does not dispute these assertions. *See* (Doc. 72.)

produced the PowerPoint presentation given by Special Agent Lace at AGI in 2013, as well as the "theft file" regarding Special Agent Lace's (now closed) investigation into a theft allegation by one of AGI's principal investors. (Doc. 70, at 4); (Doc.72-4, at 3.) The Government also produced a summary of a conversation that prosecutors had with Special Agent Lace, wherein Special Agent Lace described his previous interactions with AGI and his recollections of the AGI tour, including what he observed while on the tour. (Doc.72-4, at 3.) Special Agent Lace, who is presently detailed to Washington,[3] also told prosecutors that he "might have some notes [about the 2013 AGI tour] in a notebook in Phoenix." (Doc. 72-4, at 3.) Prior to his interview with prosecutors, Special Agent Lace performed a search within the FBI's electronic system and determined that there were no electronically stored notes pertaining to his 2013 AGI tour. (Doc. 72-4, at 3.) But the Government has not, to date, instructed Special Agent Lace to review his notebook, even though the Government and Special Agent Lace both know the precise location of the notebook. (*Id*.)

### a. The Notebook

Defendant argues that the notebook "very likely contain[s] exculpatory evidence, including but not limited to, evidence regarding AGI's technology…, statements from witnesses, or Rule 16(a)(1)(A) statements from Mr. Losch." (Doc. 72, at 4.) Defendant maintains that to the extent the notebook contains notes about AGI's technology, the notebook is material because the Government "has squarely placed in issue" the validity of AGI's technology during that time frame. (Doc 72, at 5.) The Government indicates, however, that it "decline [sic.] to search for notes that might not exist." (Doc. 70, at 4, n.1.)

The holding in *Brady v. Maryland* requires disclosure only of evidence that is both favorable to the accused and "material either to guilt or to punishment." *United States v. Bagley*, 473 U.S. 667, 674 (1985), *citing Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Kyles v. Whitley* further holds that the prosecution has an affirmative duty to learn of, and disclose, any favorable evidence known to "others acting on the government's behalf in

---

[3] It is unclear whether Special Agent Lace is detailed to Washington State or Washington, D.C.

this case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The *Brady* rule extends to impeachment evidence as well as exculpatory evidence. *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006), *citing Bagley*, 473 U.S. at 676. Under *Brady*, the prosecutor is not required to deliver her entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial. *Bagley*, 473 U.S. at 675. To challenge the government's representation that it lacks *Brady* information, the defendant must either "make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence." *United States v. Lucas*, 841 F.3d 796, 808 (9th Cir. 2016). A showing of materiality under Rule 16 requires presentation of facts which would "tend to show that the Government is in possession of information helpful to the defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

Here, the Court finds that Defendant has made a sufficient showing of materiality, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i), for the Court to order the Government to review Special Agent Lace's notebook for potential evidence it is required to disclose. The Government does not deny that it possesses the notebook or that there may be relevant notes inside the notebook. Defendant has identified why Special Agent Lace's notes about the 2013 AGI tour would be material to Defendant in preparing for his defense: the notes could support the inference that AGI's technology in 2013 was, in fact, valid. (Doc. 72, at 3.) Further, the Court notes that Special Agent Lace found it important to search the FBI's electronic system for any notes he may have made about the 2013 AGI tour. The Court declines to treat the notebook any differently. Because the Government has identified the precise location of Special Agent Lace's notebook, the Court's order for the Government to review it for potential disclosures is not overly burdensome.

It is therefore ordered that the Government review Special Agent Lace's notebook by **November 25, 2019**. If the Government thereafter determines that disclosure of the notebook's contents is required pursuant to Defendant's request under Rule 16 or *Brady*, the Government shall disclose the contents consistent with previously set deadlines or the

deadlines set herein. Defendant's motion to compel production of the notebook at this juncture is **denied** without prejudice**.**

### b. Communications between Special Agent Lace and the prosecution team

Defendant also requests (Doc. 72, at 6) that the Government disclose all "communications by and between [Special Agent] Lace and other members of the prosecution team about the case and witnesses in the case." The Government maintains that Special Agent Lace's role in the investigation was "limited" and that he is not part of the prosecution team. (Doc. 70, at 4 n. 4.) Defendant disagrees, stating that Special Agent Lace is a member of the prosecution team because he participated in five witness interviews and assisted with the execution of the search warrant in December 2015. (Doc. 72, at 6.)

It is ordered that by **5:00 p.m. on November 12, 2019**, the parties shall file simultaneous supplemental briefs, not to exceed 3 pages, on this issue. No Responses or Replies shall be filed. The simultaneous supplemental briefs must address: 1) the precise extent and timing of Special Agent Lace's role in the investigation; 2) Ninth Circuit case law regarding disclosure of communications among members of the prosecution team; and 3) the Government's disclosures to date of communications between Special Agent Lace and members of the prosecution team.

### c. Deadline for *Brady* disclosures

Finally, Defendant asks this Court to enter an order for the Government to disclose all *Brady* material (exculpatory and impeachment) by December 2, 2019 (Doc. 72, at 6). The Government responds (Doc. 70, at 3) that its "position [is] to produce exculpatory information reasonably promptly after discovery" but that "*Brady* impeachment material is typically disclosed closer to trial." The Government therefore indicates (Doc. 72, at 6-7) that it will disclose all impeachment evidence one week prior to trial.

Due process requires that disclosure of exculpatory material be made in sufficient time to permit defendant to make effective use of that material. *LaMere v. Risley*, 827 F.2d 622, 625 (9th Cir. 1987). Due to the complexity of this case and the previously set deadlines (Doc. 37), it is ordered that the Government disclose all exculpatory evidence by

**March 30, 2020**. It is further ordered that the Government disclose all impeaching evidence, including items **#8** (*Henthorn* Material), **#11** (Impeachment Material), **#12** (Evidence of Criminal Investigation of Any Prospective Government Witness), **#13** (Evidence of Bias or Motive to Lie), **#14** (Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity), **#22** (Bias by Informants or Cooperating Witnesses) as requested in Defendant's Discovery Motion (Doc. 59) no less than **30 days before trial**.

### 5. 404(b) Evidence

The Government's Rule 404(b) notification was due August 2, 2019. (Doc. 37.) The Government indicates that on September 27, 2019, it disclosed an "additional piece of evidence as to the already-disclosed topics on the 404b notice." (Doc. 70, at 6.) In his Reply in Support of Discovery Motion (Doc. 72, at 8-9), Defendant moves the Court to "exclude" the Government's newly disclosed 404(b) evidence. The Court **denies** without prejudice Defendant's request to exclude newly disclosed 404(b) evidence. Defendant may renew his position in a separately filed Motion to Preclude, consistent with the deadlines set by the Court in its Scheduling Order (Doc. 37), so that the Government may file a response if it elects to do so.

### 15. Prospective Witnesses' Names and Addresses

The parties have agreed to exchange the names and addresses of trial witnesses on February 3, 2020. (Doc. 72, at 7.) Consistent with the parties' stipulation, it is ordered that the parties disclose the names and addresses of all trial witnesses by **5:00 p.m. on February 3, 2020**.

The Government further requests that the Court order Defendant's counsel to coordinate with federal agents if the defense wishes to interview a particular witness, so that the agent can inquire whether that witness wishes to speak to Defendant's counsel. (Doc. 70, at 8.) The Government makes this request because it asserts that "[Defendant] can be a bit overbearing and he appears to engage in some aspects of his defense on his own." (Doc. 70, at 8.) Defendant responds (Doc. 72, at 7) that the Government's proposal would interfere with his access to witnesses and that there are no overriding interests that

would justify such interference. The Court agrees with Defendant.

"It is true that any defendant has the right to attempt to interview any witness he desires. It is also true that any witness has the right to refuse to be interviewed, if he so desires (and is not under or subject to legal process)." *Byrnes v. United States*, 327 F.2d 825, 832 (9th Cir. 1964). Justification of interference with a defendant's right of access to a witness can only be shown "by the clearest and most compelling considerations." *See Dennis v. United States*, 384 U.S. 855, 873 (1966). Defendant's allegedly overbearing nature is not justification for restricting his counsel's free access to witnesses, particularly considering that Defendant was ordered by the Court to refrain from personally contacting potential witnesses (subject to a few exceptions) as part of his release conditions. (Doc. 10.) It is ordered **denying without prejudice** the Government's request for Defendant's counsel to coordinate defense interviews through federal agents.[4]

### 18. Jencks Act Material

Pursuant to the Scheduling Order (Doc. 37), the Government was required to produce all Jencks material by July 1, 2019. The Government maintains (Doc. 70, at 9-10) that it has routinely captured and produced electronic communications between agents and witnesses, consistent with its obligations under the Jencks Act and Federal Rule of Criminal Procedure 26.2. Defendant does not dispute that the Government has properly disclosed electronic communications. (Doc. 72, at 9.) But he asserts that the Government did not properly comply with its deadline to produce all *text messages*,[5] which Defendant maintains constitute "statements" under the Jencks Act. (*Id*.) Defendant moves the Court to "exclude any Government witness from testifying where the Government possesses such text messages related to that witness but has failed to produce them." (Doc. 72, at 10.) The

---

[4] The Court notes that the Government's request for defense counsel to coordinate interviews of witnesses through federal agents was not based on the assertion of any rights afforded to crime victims under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. The Court's Order is therefore without prejudice to the victims or the Government asserting the same request if it is necessary to protect any victims' rights under the CVRA.

[5] Defendant concedes that the Government disclosed text messages between Special Agent Capello and C.H., however. (Doc. 72, at 9.)

Government's Response (Doc. 70) to Defendant's Discovery Motion does not set forth the Government's position regarding text messages under the Jenks Act; nor does the Government identify whether it has disclosed text messages in this case as Jencks material.

It is therefore ordered that by **5:00 p.m. on November 12, 2019**, the parties shall file simultaneous supplemental briefs, not to exceed 3 pages, addressing whether text messages can meet the definition of "statement" under 18 U.S.C. § 3500(e) and outlining the Government's disclosures (if any) to date of text messages under the Jencks Act. No Responses or Replies shall be filed.

### 23. Personnel Records of Government Officers Involved in the Investigation

Defendant requests (Doc. 59, at 9) all related internal affairs documents involving law enforcement officers who were involved in the investigation. The Government responds (Doc. 70, at 11) that Defendant has no right to access personnel files under *Henthorn*[6] or any other authority. The Court agrees with the Government. It is ordered **denying** Defendant's request for production of the personnel files of all law enforcement officers who were involved in the investigation.

### 24. Training of Relevant Law Enforcement Officers

Defendant requests (Doc. 59, at 10) copies of policies or training instructions or manuals issued by all law enforcement agencies involved in this case. The Government responds (Doc. 70, at 11) that Defendant provided no authority for his request and asks the Court to deny it. On this record, Defendant has not shown why the policies he seeks are material to his defense. *See* Fed. R. Crim. P. 16(a)(1)(E). Defendant's request for training materials of law enforcement officers is **denied**.

### 25. Performance Goals and Policy Awards

Defendant requests disclosure of information regarding "standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers

---

[6] *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) (government has a duty to examine the personnel files of law enforcement officers it intends to call as witnesses if defendant requests production of the files); *United States v. Jennings*, 960 F.2d 1488, 1492 n.3 (9th Cir. 1992) (AUSA assigned to the case has no personal duty to review personnel files; files may be examined by the appropriate agency's attorney or staff, who will notify the federal prosecutor if any potential *Brady* material is found).

involved in the case, including to but not limited to the FBI." (Doc. 59, at 10.) The Government objects, noting that Defendant provided no authority for his request. (Doc. 70, at 11.) On this record, Defendant has not shown why the materials he seeks are material to his defense. *See* Fed. R. Crim. P. 16(a)(1)(E). Defendant's request for training materials of law enforcement officers is **denied**.

**Reciprocal Discovery**

The close of reciprocal Rule 16 discovery is December 2, 2019. (Doc. 37.) In its Response to Defendant's Discovery Motion, the Government indicated that "[t]o the extent the defense decides to use material to which only it has access, the government anticipates reciprocal discovery consistent with the Scheduling Order." (Doc. 70, at 6, n.2.) Defendant responded in his Reply in Support of his Motion for Discovery (Doc. 72, at 1), that the Court should "deny any attempt by the Government to impose an obligation on [Defendant] to review the Government's own data as part of [Defendant's] reciprocal discovery obligations." (Doc. 72, at 10.)

It is ordered that by **5:00 p.m. on November 12, 2019**, the parties shall file simultaneous supplemental briefs, not to exceed 3 pages, addressing their respective positions on reciprocal discovery under Rule 16. No Responses or Replies shall be filed.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Discovery Motion (Doc. 59) is granted in part and denied in part as specified herein.

**IT IS FURTHER ORDERED** that the Government, consistent with its obligations under LRCrim 16.1(a) and Federal Rule of Criminal Procedure 12(b)(4)(B), notify Defendant by **January 20, 2020**, of the substance of the statements and its intent to use any statements by Defendant during the course of trial. Defendant's LRCrim 16.1(b) objections are due by the deadline for pretrial substantive motions as set forth in Doc. 37.

**IT IS FURTHER ORDERED** that the Government review Special Agent Lace's notebook by **November 25, 2019**. Defendant's request for production of the notebook (part of Doc. 59) is **denied without prejudice**. If the Government determines that the

contents of the notebook should be disclosed, the Government shall do so consistent with the deadlines either previously set (Doc. 37) or set forth in this Order.

**IT IS FURTHER ORDERED** that by **5:00 p.m. on November 12, 2019**, the parties shall file simultaneous, supplemental briefs, not to exceed 3 pages, addressing (1) the precise extent and timing of Special Agent Lace's role in the investigation, (2) Ninth Circuit case law regarding disclosure of communications among members of the prosecution team, and (3) the Government's disclosures to date of communications between Special Agent Lace and members of the prosecution team.

**IT IS FURTHER ORDERED** that the Government disclose all exculpatory *Brady* evidence by **March 30, 2020**.

**IT IS FURTHER ORDERED** that the Government disclose all impeaching *Brady* evidence no less than **30 days before trial**.

**IT IS FURTHER ORDERED denying** (part of Doc. 72) Defendant's Motion to Exclude newly disclosed 404(b) Evidence without prejudice.

**IT IS FURTHER ORDERED** that the parties disclose the names and addresses of all trial witnesses by **5:00 p.m. on February 3, 2020**.

**IT IS FURTHER ORDERED denying** the Government's request (part of Doc. 70) for Defendant's counsel to coordinate defense interviews through federal agents.

**IT IS FURTHER ORDERED** that by **5:00 p.m. on November 12, 2019**, the parties shall file simultaneous supplemental briefs, not to exceed 3 pages, addressing (1) whether text messages can meet the definition of "statement" under 18 U.S.C. § 3500(e) and (2) outlining the Government's disclosures (if any) to date of text messages under the Jencks Act.

**IT IS FURTHER ORDERED denying** (part of Doc. 59) Defendant's request for production of investigating officers' personnel records.

**IT IS FURTHER ORDERED denying** (part of Doc. 59) Defendant's request for production of training instructions or manuals issued by all law enforcement agencies involved in the case.

**IT IS FURTHER ORDERED denying** (part of Doc. 59) Defendant's request for production of information regarding standards used for measuring, compensating, or reprimanding conduct of law enforcement officers involved in the case.

**IT IS FURTHER ORDERED** that by **5:00 p.m. on November 12, 2019**, the parties shall file simultaneous supplemental briefs, not to exceed 3 pages, addressing (1) their respective positions on reciprocal discovery under Rule 16.

**IT IS FURTHER ORDERED** that the parties shall be prepared to address their simultaneous supplemental briefs at the status conference on November 26, 2019.

Dated this 23rd day of October, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge