**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Kenneth K. Losch,<br><br>    Defendant. | No. CR-19-00294-001-PHX-MTL<br><br>**ORDER** |

The instant dispute concerns the line separating lay witness and expert witness testimony. The Government seeks to use testimony from company engineers as lay witnesses. Defendant Losch asserts that the proposed witnesses have particularized knowledge in the field of engineering, so the Government's non-disclosure of the engineers' testimony violated Rule 16 of the Federal Rules of Criminal Procedure. (Doc. 170.) For that reason, Losch moved the Court to compel disclosure of the engineers' testimony. (*Id.*) After reviewing the briefs and holding oral argument, the Court rules as follows.

**I.    BACKGROUND**

Losch was the Chief Executive Officer of Advanced Green Innovations, LLC ("AGI"), a company developing "conversion kits" to adapt semi-truck engines from diesel to compressed natural gas. (Doc. 3 at 1–2.) In March 2019, a grand jury indicted Losch on 17 counts of wire fraud in violation of 18 U.S.C. § 1343. (*Id.* at 9–10.) The Government alleges that Losch persuaded potential investors to invest in AGI with false statements

about the status and timeline of the development of the conversion kits.  (*Id.* at 3, 5–6.) According to the Government, Losch told investors that the product would be launched in December 2013, despite knowing as soon as February 2013 that "there was no possibility" that production would be completed that year.  (*Id.* at 8.)

The Government's deadline for expert disclosure was July 1, 2019.  (Doc. 37 at 1.) In March 2022, the Government filed a notice indicating it intends to call AGI engineers with "particularized knowledge" to testify about "the conversion kit technology, AGI's years-long effort to develop the technology, and the many impediments that the engineering team encountered along the way," as well as Losch's active solicitation of investments "based upon a commercial launch date of December 2013" despite knowing AGI was "years away" from completion and production.  (Doc. 169 at 1–2.)  Losch filed a response and a motion to compel disclosure of the engineers' testimony.  (Doc. 170.)  Losch argues that the proposed testimony is expert in nature because it relies on the engineers' specialized knowledge, so the Government's notice was untimely.  (Doc. 170 at 2, 6.)

## II.     LEGAL STANDARD

Federal Rule of Evidence ("FRE") 702 permits a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Federal Rule of Criminal Procedure 16(a)(1)(G) requires that, "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."  Further, "[t]he summary provided . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  *Id.*  However, FRE 701 allows a non-expert witness to give opinion testimony as long as that testimony is rationally based on the witness's perception and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.

### III. ANALYSIS

The Government did not make any expert disclosures in accordance with Rule 16. *See* Fed. R. Crim. P. 16(a)(1)(G). Accordingly, this dispute turns on whether the nature of the engineers' expected testimony is expert or lay. The Government claims that the engineers "will testify only as percipient witnesses" about historical facts and "the falsity of contrary statements made by Losch" to AGI's investors. (Doc. 174 at 4.) Losch responds that this proposed testimony is an expert opinion because "opining about the future timeline for new-technology development is typically the stuff of expert opinions[.]" (Doc. 175 at 2.) Because the Court concludes that the Government's proposed testimony satisfies the three prongs of FRE 701, the Court finds that the opinion testimony is lay, and thus, not subject to the Rule 16 disclosure requirements.

The line between expert and lay testimony can be hazy, but generally, "lay opinion must be rationally based on the perception of the witness." *United States v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007) (quoting Fed. R. Evid. 701) (internal quotation marks omitted). Lay opinion testimony must be "helpful to the jury in acquiring a clear understanding of the witness's testimony or the determination of a fact in issue." *Id.* In contrast, expert testimony must be based on the witness's "scientific, technical or other specialized knowledge" and the Court serves as a gatekeeper for this testimony. Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Parm., Inc.*, 509 U.S. 579, 589–91 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147–48 (1999). "[L]ay witnesses may testify to 'particularized knowledge by virtue of [their] experience[s]' even if the subject matter is 'specialized or technical[,] because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702.'" *Montalvo v. Am. Fam. Mut. Ins. Co.*, No. CV-12-02297-PHX-JAT, 2014 WL 2986678, at *5 (D. Ariz. July 2, 2014) (quoting *Dolin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3rd Cir. 2009)).

Losch objects to the AGI engineers' expected testimony about "opinions about the status of the fuel injector that were made at that time and conveyed to Losch." (Doc. 174

at 4, *see* Doc. 175.)  But this position is not well-taken.  First, this proposed testimony would provide facts consisting of the engineers' opinions held at the time and, perhaps, communicated to Losch and others at the time of the events giving rise to this case.  This expected testimony appears to be based on personal knowledge—that is, what the engineers perceived as these events unfolded.  *See* Fed. R. Evid. 701(a).  Second, Losch's awareness of the engineers' then-expected timeline for the completion of the conversion technology is relevant to determining one of the elements of the charges against him.  Fed. R. Evid. 701(b).

Importantly, though the engineers have knowledge in a technical field, their testimony does not arise within the scope of FRE 702.  *See* Fed. R. Evid. 701(c).  Expert testimony within the scope of FRE 702 requires the witness to be "qualified as an expert by knowledge, skill, experience, training or education," and also provide testimony that "is the product of reliable principles and methods" and "reliably applie[s] the principles and methods to the facts of the case."  FRE 702.  Without question, the engineers have special "knowledge, skill, experience, training[, and] education."  But none of the proposed testimony requires the engineers to apply reliable principles and methods to the facts of this case, as contemplated by FRE 702.  The engineers have personal knowledge of *what* they told Losch, *when* they told him, and *why* they told him those things.  *See* Fed. R. Evid. 602 ("A witness may not testify to a matter until evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter."); *cf. Montalvo*, 2014 WL 2986678, at *5 (requiring a witness to testify as an expert because he "has no personal knowledge" of facts that had not yet happened).  Accordingly, the engineers may testify as to facts such as what they told Losch and why they said so at the time, as long as that testimony reflects each engineer's personal knowledge.  *See United States v. Garcia*, 413 F.3d 201, 213 (2d Cir. 2005) (clarifying that lay witness testimony must reflect "only . . . personal perceptions" and not "the totality of information gathered by various persons").

Losch argues that any future-predictive testimony is "the stuff of expert opinions." (Doc. 175 at 2.)  But the proposed testimony deals with what the engineers predicted and

- 4 -

their evaluations at the time—there is no way for the Court to screen these past predictions for reliability. *United States v. Alatorre*, 222 F.3d 1098, 1101 (9th Cir. 2000); *see Daubert*, 509 U.S. at 597. The proposed testimony includes facts that the engineers made certain evaluations and the reasons for making them at the time. (Doc. 174 at 4.) These are simply facts, and they do not implicate the Court's duty under *Daubert*. Therefore, the Court will allow testimony regarding the fact that these evaluations were made and whether they were or were not communicated to Losch. The Court will not permit testimony regarding the substantive reliability of the predictions at the time they were made. Again, a witness may testify as a lay witness about a specialized or technical subject where the testimony is based on the witness's personal knowledge. *Montalvo*, 2014 WL 2986678, at *5. The engineers will be testifying as lay witnesses with personal knowledge of the evaluations they made and communicated to Losch.

The Court, however, is aware that "proffering an expert in lay witness clothing" is impermissible. *Montalvo*, 2014 WL 2986678, at *6 (quoting Fed. R. Evid. 701 Advisory Committee's Notes for the 2000 Amendments) (quotation marks omitted). Likewise, the Court does not want the jury to "assign inappropriate weight and credibility [to the engineers' testimony] in comparison to that of others." *United States v. Lopez*, 870 F.3d 573, 581 (7th Cir. 2017) (affirming the district court's decision to not allow the Government or the Defendant to use the title of "expert witness" in a securities fraud case to "safeguard" against the danger of the jury assigning too much weight to the witness). Consequently, the Court will limit the engineer witnesses' proposed testimony to facts that they each personally perceived and opinions they held at the time those facts occurred. The Government may not solicit opinion testimony that would require the application of reliable principles and methods to the facts of the case. Fed. R. Evid. 702(d). For example, the Government may not introduce testimony from an engineer witness opining, with the benefit of today's hindsight, how long the development of the technology would take, presently. Moreover, the Court invites the parties to submit a limiting instruction.

///

IV.  CONCLUSION

Accordingly,

**IT IS ORDERED denying** Defendant Kenneth Losch's Motion to Compel.  (Doc. 170.)

Dated this 16th day of May, 2022.

Michael T. Liburdi
United States District Judge