**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00294-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Kenneth K. Losch, | |
| Defendant. | |

Pending before the Court are five motions in limine. (Docs. 180, 181, 183, 184, and 185.) Also pending before the Court is the Government's Request for a Pretrial Ruling Admitting Certain AGI Publications. (Doc. 217.) The Court heard oral argument on June 7, 2022 and took these matters under advisement. (Doc. 218.) The Court now rules.

**I.  Motions in Limine**

**A.  Trade Secret Practices**

Defendant moves to exclude any evidence of the practices that Advanced Green Innovations ("AGI") implemented to protect its trade secrets. (Doc. 181.) The Government contends that Defendant prevented communication between engineers and investors to perpetuate his fraudulent scheme. (Doc. 210 at 2.) Defendant argues that this "siloing" practice is typical in companies with trade secrets, and discussion of siloing is irrelevant, impermissibly shows his character for fraud, and impermissibly provides other acts evidence. (Doc. 181 at 2.)

Relevant evidence is admissible unless its probative value is "substantially

outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This evidence meets the low bar of relevance to the extent that it shows how the alleged crime was not discovered sooner, and the Court finds that its probative value substantially outweighs any danger of unfair prejudice or misleading the jury.

Defendant also contends that evidence of trade secret practices is impermissible "other act" evidence. "[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). Other act testimony is inextricably intertwined where, as here, it "serves as the basis for the criminal charge" or if the act is "necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *39 (N.D. Cal. May 22, 2021). The Court finds the Government's argument that evidence of AGI's siloing practices is "inextricably intertwined" with the charges because it is part of the underlying criminal transaction and necessary to proving its full, comprehensible story to be persuasive. (Doc. 210 at 4–5.)

Accordingly, Motion to Exclude Evidence of AGI's Trade Secrets Practices (Doc. 181) is **denied**.

### B. Evidence of Wealth, Expenses, and Lifestyle

Defendant argues that there is no basis for introducing evidence about Defendant's lifestyle, wealth, or personal expenses because it is irrelevant and prejudicial. (Doc. 183 at 1.) In response, the Government contends that the fraudulent appropriation of investor funds is relevant to the elements of wire fraud. (Doc. 214 at 1.)

Elizabeth Holmes, a defendant in a similar prosecution, brought a nearly identical motion in limine. *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *5 (N.D. Cal. May 22, 2021). In that case, the court found that evidence of wealth cold be construed as an appeal to class prejudice. And "[a]ppeals to class prejudice that are

'obvious' and 'persistent' are unfairly prejudicial." *Id.* (citing *United States v. Stahl*, 616 F.2d 30, 32–33 (2d Cir. 1980)). Nonetheless, because the court found that evidence about the Defendant's position as the CEO would invariably be introduced, and "it is common knowledge that CEOs . . . enjoy lifestyles commensurate with those positions that are significantly different that those of the general public," so the Government could "introduce evidence that [Defendant] enjoyed a lifestyle" similar to that of other CEOs. *Id.*

Like in *Holmes*, the Court finds that evidence that Defendant was the CEO of AGI will inevitably be introduced, and similarly, the fact that the lifestyle of a CEO, specifically a CEO of a company of this size, is generally known to be different than that of the general population. Moreover, the Court finds persuasive the Government's argument that evidence of wealth has some bearing on Defendant's intent to defraud because it allows the jury to infer that he was spending the fruit of his fraudulent scheme. *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (evidence of gains from stock option backdating is admissible to permit "jury to draw a reasonable inference that [defendant] knew what he was doing").

The parties also dispute the relevance of a picture of the Quran. The Government states that it "has no interest in Defendant's religious preferences" and "it will not be using any pictures from Defendant's personal residence during its case-in-chief." (Doc. 214 at 2 n.1.) The Court finds no probative value associated with a picture of the Quran in Defendant's home. That said, the Government's admission that it does not intend to introduce this picture at trial seemingly moots the issue. To the extent that changes, Defendant may renew his objection at trial.

Accordingly, given the above considerations and the Court's mindfulness of impermissible appeals to class prejudice, Defendant's Motion to Exclude Evidence of Wealth, Expenses, and Lifestyle (Doc. 183) is **granted in part and denied in part**. The Government may introduce evidence directly tying the scheme to defraud to expenses—for example, evidence from a forensic accountant, will be admitted. However, any evidence that goes beyond this scope will be excluded. The Court reserves its judgment

on evidence related to Apex Racing for trial.

### C. Purported Omissions

Defendant argues that the Government should be precluded from introducing evidence of omissions made by Defendant in his representations to investors. (Doc. 184 at 1.) Defendant contends that the indictment failed to allege that he had a duty to disclose, which precludes the Government's theory of wire fraud by omission. (*Id.* at 2.)

The indictment is required to provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[I]mplied, necessary elements, not present in the statutory language, must be included in an indictment." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995); *see also United States v. Du Bo*, 16 F.3d 1177, 1179 (9th Cir. 1999).

Active misrepresentation is not the only basis for a scheme to defraud; nondisclosure or concealment may also serve as the basis of such a scheme. *United States v. Dowling*, 739 F.2d 1445, 1448 (9th Cir. 1984), *rev'd on other ground*, 473 U.S. 207 (1985). "A non-disclosure, however, can support a fraud charge only when there exists an independent duty that has been breached by the person so charged." *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015). A duty to disclose can arise out of either a formal fiduciary relationship or an informal relationship. *See United States v. Milovanovic*, 678 F.3d 713, 722 (9th Cir. 2012), *as amended* (May 22, 2012); *see also* Ninth Cir. Model Crim. Jury Instructions, § 15.35 (2022 ed.).

The Government contends that Defendant had a duty to disclose under both the "formal fiduciary relationship" duty and the "informal relationship" duty, and it points to allegations in the indictment establishing such a duty. (Doc. 212 at 6–7.) The indictment alleges, *inter alia*, that Defendant was the CEO of AGI, "was central to [] solicitation pitches, and spoke directly, and often with potential investors," and he was also "instrumental in soliciting investments into AGI" by giving tours, product demos, and presentations. (Doc. 4 ¶ 6.) The Court finds that these allegations are enough to establish that Defendant had a "trusting relationship in which [the Defendant] act[ed] for the benefit

of another and induce[d] the trusting party to relax the care and vigilance which it would ordinarily exercise." *Milovanovic*, 678 F.3d at 724. These allegations sufficiently constitute "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

Accordingly, Defendant's Motion to Exclude Evidence of Purported Omissions (Doc. 184) is **denied.**

### D. Flare Gas Evidence

Defendant moves to prohibit the Government from introducing evidence about AGI's "pivot to flare gas" and an alleged partnership with Warren Cat. (Doc. 185 at 1.) Defendant first contends that the "pivot to flare gas" evidence should be excluded because the "pivot" occurred in 2014 or 2015, outside of the timeframe alleged in the indictment. (Doc. 185 at 3.) The indictment alleges that the fraud scheme lasted "from in or about January 2013 to in or about January 2014." (Doc. 4 ¶ 4.) But an indictment is not required to give a timeframe during which the offenses occurred, but rather "set forth the charge in the words of the statute itself provided those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Scott*, No. CR-19-29-GF-BMM, 2020 WL 3037260, at *2 (D. Mont. June 5, 2020) (quotation omitted).

Defendant also argues that this is inadmissible evidence of compromise offers and negotiations. A statement is made in view of "compromise negotiations" only if the Court determines that actual negotiations took place and whether the statements took place during it. *Stewart v. Wachowski*, No. CV03-2873 MMMVBKX, 2004 WL 5618386, at *3 (C.D. Cal. Sept. 28, 2004) (citing 23 Charles A. Wright & Kenneth W. Graham, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE, § 5307, at p. 228 (1980)). The Court finds no evidence showing that compromise negotiations were taking place while the pivot to flare gas was occurring and being offered to investors. *Id.* (finding that Defendant did not show that the Defendant's remarks were designed to foster settlement). Moreover, once again, this evidence is relevant and necessary to the Government telling a coherent and

comprehensible story. *Dorsey*, 677 F.3d at 951.

Accordingly, Defendant's Motion Regarding Flare Gas Evidence (Doc. 185) is **denied**.

### E. Defense Witness C.H.

The Government seeks to exclude testimony from C.H., a witness who worked for victim-investors Arizona Blue Sky. (Doc. 180.) The Court has previously set forth the factual and procedural background of C.H.'s testimony. (Docs. 94, 106, 138, 139.) Defendant indicated during oral argument that he may call C.H. to testify about an alleged conversation that C.H. had with Assistant United States Attorney, K.R. On this record, the Court lacks a sufficient basis to rule on the pending motion in limine. (Doc. 180.) Accordingly, the Court directs Assistant United States Attorney K.R. to appear at the Final Pretrial Conference on June 16, 2022 (Doc. 176) for an ex parte examination by the Court. The motion (Doc. 180) remains under advisement.

## II. Motion for Admission of Publications

The Government seeks to admit 10 newsletters that AGI distributed to is investors between May 2013 and January 2015. (Doc. 217 at 2.) In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). A party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also United States v. Sims*, 550 F. Supp. 3d 907, 911 (D. Nev. 2021). Rule 104(a) provides the trial court with the authority to decide questions that might make evidence inadmissible under some other rule of evidence (or under the Constitution, a federal statute, or other Supreme Court rules), but it does not itself provide a substantive basis for excluding the evidence. *See United States v. Brewer*, 947 F.2d 404, 409 (9th Cir.1991) ("Rule 104 . . . is limited to the preliminary requirements or conditions that must be proved before a particular rule of evidence may be applied.").

The parties have stipulated to the authenticity of the newsletters. (Doc. 217 at 1.) To the extent that the Government seeks a pretrial ruling that the foundational requirements

have been met such that the newsletters are admissible, the Court **denies the motion without prejudice**. (Doc. 217.) The Government may offer evidence to establish the evidence's foundation at trial.

### III. Conclusion

Accordingly,

**IT IS ORDERED denying** Defendant's Motion in Limine to Exclude Evidence of AGI's Trade Secrets Practices. (Doc. 181.)

**IT IS FURTHER ORDERED granting in part and denying in part** Defendant's Motion in Limine to Exclude Evidence of Wealth, Expenses, and Lifestyle, as set forth herein. (Doc. 183.)

**IT IS FURTHER ORDERED denying** Defendant's Motion in Limine to Exclude Evidence of Purported Omissions. (Doc. 184.)

**IT IS FURTHER ORDERED denying** Defendant's Motion in Limine to Exclude Flare Gas Evidence. (Doc. 185.)

**IT IS FURTHER ORDERED denying without prejudice** the Government's Motion for a Pre-Trial Ruling Admitting Certain AGI Publications. (Doc. 217.)

**IT IS FINALLY ORDERED** that the Government's Motion in Limine Regarding Defense Witness C.H. remains under advisement. (Doc. 180.) AUSA K.R. is directed to appear at the Final Pretrial Conference for an ex parte examination with the Court.

Dated this 9th day of June, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge