**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00294-001-PHX-MTL |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| Kenneth K. Losch, | |
| Defendant. | |

The Government submitted text messages between the FBI agents and potential witnesses for *in camera* review as part of its Jencks Act disclosures. (Doc. 201.) The Government disclosed the texts from the potential witnesses but redacted the FBI's responses. Now, the parties ask the Court to look at the unredacted version of the texts to see if the redacted outgoing texts provide needed context for the Defendant.

**I.**

The factual and procedural background of this case has been set forth in the Court's previous orders. (*See e.g.*, Doc. 196.) As relevant here, in December 2019, the Court found that text messages "may meet the definition of a 'statement' as outlined in the Jencks Act." (Doc. 94 at 4.) Accordingly, the Court ordered the Government to disclose text messages that "were sent by a government witness or a prospective Government witness if the text message relates to the subject matter of the witness' testimony, including text messages that were exchanged to coordinate meeting places, times, and other logistical arrangements." (*Id.*) But the Court also held that "if the Government believes that certain

statements about meeting times, locations and logistical arrangements do not relate to the subject matter of the testimony of the witness, the Government must deliver such statement for the inspection of the court in camera." (*Id.*)

## II.

The Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2, require that any statement in the government's possession that is made by a government witness, whether exculpatory or not, be produced to the defense after the witness testifies. "The Jencks Act was intended to protect government files from unwarranted disclosure, but it was equally its purpose to make available to the defendant certain of the materials in the possession of the government which might lead to the impeachment of government witnesses." *Ogden v. United States*, 303 F.2d 724, 732–33 (9th Cir. 1962). The Jencks Act trumps and limits *Brady*'s compulsory requirements. *United States v. Griffin*, 659 F.2d 932, 936 (9th Cir. 1981), cert. denied, 456 U.S. 949 (1982). Where the party producing the statement claims that the statement contains privileged information or information that is not related to the subject matter of the witness's testimony, the producing party may "excis[e] any privileged or unrelated portions." Fed. R. Crim. P. 26.2(c). "If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record." *Id.*; *United States v. Jones*, 612 F.2d 453, 456 (9th Cir. 1979) ("In camera inspection and excision are procedurally sound methods for rendering appropriate material available to the defense.").

## III.

After its *in camera* review, the Court has identified four text messages that the Government inappropriately redacted.[1]

First, in the conversation between Special Agent Hebert and J.H. on May 27, 2020, the Government redacted all texts from the FBI agent and left only the statements of the witness. While this technically complies with the Court's previous Order, which required

---

[1] Neither the redacted nor unredacted versions of the text message conversations provided by the Government contain page numbers. Accordingly, the Court refers to the time and date of the text messages below.

disclosure only of witness statements (Doc. 94 at 4), the Court finds that the context to this message is necessary to Defendant's full understanding. Accordingly, the Government is ordered to produce the redacted text messages between Special Agent Hebert and J.H, with exception—the agent's phone number and email address may remain redacted.

Second, as above, additional context is necessary during the conversation between Special Agent Hebert and J.W. The Government is ordered to produce the text messages from Special Agent Hebert on May 4, 2020 at 16:24:16 and 16:29:58.

Third, in another conversation between Special Agent Hebert and J.W., the Government inappropriately redacted a witness statement. The Court has ordered that the Government shall disclose text messages in its possession sent by a Government witness. (Doc. 94 at 4.) The Government is ordered to produce the text message from W.H. to Special Agent Hebert on January 17, 2022 at 5:18 PM, second entry from the bottom of the page, to the extent that it is a unique text message not previously produced.

Finally, as above, the Government is ordered to produce the redacted text message shown in the image showing the date of Wednesday, March 16 at 4:08 PM.

**IV.**

Accordingly,

**IT IS ORDERED** granting the parties' Joint Motion Regarding Jencks Act Disclosures. (Doc. 200.)

**IT IS FURTHER ORDERED** that the Government shall unredact the select text messages as set forth above.

**IT IS FINALLY ORDERED** that the Government shall provide the text message packet without the above redactions to the Defendant no later than **June 16, 2022.**

Dated this 9th day of June, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge