**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00294-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Kenneth K. Losch, | |
| Defendant. | |

Pending before the Court is the Government's Motion to Preclude the Defense Expert Witness. (Doc. 234.) The Government seeks to exclude Defendant's expert accountant witness, Brian Cook, on two grounds: relevance and untimely disclosure. (*Id.*) The Court denies the motion.

**I.**

Federal Rule of Evidence 702 governs the admission of expert testimony. This rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires expert testimony to be both "relevant and reliable." *U.S. v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). The relevancy hurdle is a low one

to meet; it simply requires that the evidence "logically advance a material aspect of the party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

Furthermore, exclusion of an expert is an appropriate remedy for a discovery rule violation only where "the omission was willful and motivated by a desire to obtain a tactical advantage." *Taylor v. Illinois,* 484 U.S. 400 (1988); *see also United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) (holding that the district court erred in excluding testimony of forensic pathologist because no willful or blatant discovery violation occurred).

## II.

The Government asserts that Cook's testimony is "minimally relevant" for a number of reasons: the fact that Losch repaid an AGI account "does nothing to demonstrate a lack of intent to deceive investors," some of Cook's conclusions deal with events occurring outside of the timeframe of the indictment, and Cook only looked at snippets of the bank record documents, not the entirety of the records. (Doc. 23 at 3–5.) The Court finds the Government's argument regarding unreliability to be unpersuasive and unsuitable at this time. "The weakness in the underpinnings of [expert] opinions may be developed upon cross-examination and such weakness goes to the weight and credibility of the testimony." *Bergen v. F/V St. Patrick*, 816 F.2d 345, 1352 n.5 (9th Cir. 1987). The Court finds that this testimony reaches the low hurdle of relevancy, and the Government has failed to argue adequate facts sufficient to disqualify Cook under the Rule 702 standard. *See* Fed. R. Evid. 702.

As to late disclosure, the Government asserts that Defendant untimely disclosed thousands of pages of "incomplete" and previously undisclosed documents related to Cook's expert witness report. (Doc. 234 at 1.) The Government itself disclosed their own "summary" accountant witness and related summary documents seventeen days before trial. (*Id.* at 3.) Defendant asserts that the Government's untimely disclosure was the cause of Cook's rushed opinions. (Doc. 236 at 2–3.) Moreover, the Defendant argues that he did provide his rebuttal expert disclosure in December 2019, consistent

with the Court's scheduling order. (*Id.* at 3.)

Here, even assuming there was an omission of some sort, the Court finds that it was not done willfully in order to gain a tactical advantage. Defendant asserts that Cook's opinions were based "[w]ith one exception . . . [on] documents the Government produced to the defense." (Doc. 236 at 5.) The Government contests that assertion and argues that it has been prejudiced. (Doc. 241 at 3.) But this does not appear to satisfy the extremely high burden to preclude a defense expert. "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Taylor*, 484 U.S. at 408. The Court finds the Government's proposed remedy—the severe sanction of total exclusion—to be disproportionate to the alleged harm suffered by the Government. Accordingly, the Court denies the Government's motion to exclude the testimony of Cook.

## IV.

**IT IS ORDERED denying** the Government's Motion to Preclude the Defense Expert Witness. (Doc. 234.)

Dated this 23rd day of June, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge